United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Filed November 22, 1999

 No. 99-1002

 National Whistleblower Center, 
 Petitioner

 v.

 Nuclear Regulatory Commission and 
 United States of America, 
 Respondents

 Baltimore Gas and Electric Company, 
 Intervenor

 Consolidated with 
 99-1043

 ---------

 Before: Edwards, Chief Judge, and Williams, Circuit 
Judge.

 

 O R D E R

 It is ORDERED, by the Court, on its own motion, that the 
majority opinion and the judgment filed herein on November 
12, 1999, be, and the same hereby are, vacated.

 A future order will schedule further briefing and rehearing 
after a member of the Court is randomly selected to replace 
former Circuit Judge Wald as the third member of the panel.

 Per Curiam

 FOR THE COURT:

 Mark J. Langer, Clerk

 BY:

 Robert A. Bonner

 Deputy Clerk

 

 A concurring statement of Chief Judge Edwards is at-
tached.

 Edwards, Chief Judge, concurring: I concur in the Order 
vacating the opinion and judgment issued on November 12, 
1999, because, in retrospect, I fear that the original (now 
vacated) majority opinion fails to address some critical issues 
in this case. These issues were not the focus of the argu-
ments during the first hearing before the court, so it is 
unsurprising that they were lost in our haste to issue an 
opinion before our colleague, Judge Wald, departed from the 
court. However, in my view, the issues are too important to 
ignore once uncovered; thus, I feel that this case must be 
reheard.

 The now vacated majority opinion is founded on the view 
that petitioners were prejudiced by the Commission's abroga-
tion of a substantive rule. After considering this matter 
further, I find that there is good reason to believe that we 
were mistaken in assuming that the Commission acted pursu-
ant to a substantive, as opposed to a procedural, rule.

 On August 5, 1998, the Commission published a statement 
of Policy on Conduct of Adjudicatory Proceedings ("Policy") 
in which it stated that licensing boards should grant exten-
sions of time "only when warranted by unavoidable and 
extreme circumstances." 63 Fed. Reg. 41,872, 41,874 (Aug. 5, 
1998). The Commission subsequently invoked this new rule 
in an order referring a petition filed by the National Whistle-
blower Center ("Center") to the Atomic Safety and Licensing 
Board, stating that extensions of time should only be granted 
if the petitioner can demonstrate "unavoidable and extreme 
circumstances." Order Referring Petition for Intervention 
and Request for Hearing to Atomic Safety and Licensing 
Board Panel, CLI 98-14, reprinted in Joint Appendix ("J.A.") 
23, 28 (Aug. 19, 1998).

 There can be no doubt that the Commission's August 5, 
1998, Policy adopted a new standard to govern requests for 
extensions of time in proceedings of the sort here at issue. It 
also seems clear that the new standard was intended to 
modify the standards previously enunciated in 10 C.F.R. 
s 2.711(a) and s 2.714(b)(1). And it is undisputed that the 
Center had notice of the new standard for granting exten-
sions of time. The Center additionally understood the thrust 
of the Policy, for they objected to the new standard on the 

ground that it was contrary to the "good cause" standard 
contained in 10 C.F.R. s 2.711(a). See Memorandum and 
Order, CLI 98-15 (Aug. 26, 1998) reprinted in J.A. 60 (char-
acterizing the Center's objections to the new standard as 
articulated in the Commission's Aug. 19, 1998 referral order).

 Given that the Commission adopted a new standard to be 
applied in cases of this sort and that the Center had notice of 
the new standard before the advent of the procedures here in 
dispute, it matters a great deal whether the standard is 
viewed as a new "substantive" or "procedural" rule. If, as 
appears to be the case, the new standard is a procedural rule, 
then it is exempt from the requirements of notice and com-
ment under the Administrative Procedure Act, 5 U.S.C. 
s 553(b)(A). See JEM Broad. Co. v. FEC, 22 F.3d 320 (D.C. 
Cir. 1994).

 It is no answer to say that the Commission was wrong to 
construe "good cause" as "unavoidable and extreme circum-
stances." If this is a procedural rule, and if it does not 
transcend the bounds of due process or violate some clear 
statutory mandate, then the Commission is entitled to define 
"good cause" as it sees fit. See Vermont Yankee Nuclear 
Power Corp. v. NRDC, 435 U.S. 519 (1978). Given that 
latitude, it would be an oxymoron to say that "unavoidable 
and extreme circumstances" is outside the realm of accept-
able understandings of "good cause."

 These issues were not properly aired during the first round 
of briefs and arguments before this court. We would be 
remiss, I think, to issue the mandate in this case without 
considering the questions that are now apparent. I do not 
believe that the Commission has waived the right to argue 
the procedural/substantive issue, because the agency could 
not have reasonably anticipated the position reached in the 
first majority opinion. In short, the case must be reheard, 
with a proper focus on the issues at hand.